HEATHER R. NORTON, CA State Bar No. 257014
LAW OFFICE OF HEATHER NORTON
236 West Portal Avenue Suite 143
San Francisco, CA 94127
Telephone:  415.379.4171
Heather@heathernortonlaw.com

Attorney for Plaintiff UpNest, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UpNest, Inc.,<br><br>                Plaintiff,<br><br>   v.<br><br>Less Percent Real Estate, LLC,<br><br>                Defendant. | 3:16-cv-6568<br><br>Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br>**JURY DEMAND** |

UpNest Complaint

Plaintiff UpNest, Inc. ("UpNest") for its Complaint against Defendant Less Percent Real Estate, LLC ("Less Percent" or "Defendant") alleges as follows:

## INRODUCTION

1.   In this action, UpNest asserts that Defendant Less Percent has infringed its trademark and committed acts of unlawful competition.  UpNest seeks injunctive relief and money damages to remedy the harm caused by Defendant's unlawful conduct.

## THE PARTIES

2.   Plaintiff UpNest is a Delaware Corporation with its primary place of business at 856 Mitten Road, Suite 106, Burlingame, California 94010.

3.   Upon information and belief, Defendant Less Percent, is a Delaware Limited Liability Company with its primary place of business at 733 Route 70 East, Suite 304, Marlton, New Jersey 08053.

## JURISDICTION AND VENUE

4.   This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  This Court has jurisdiction over the claims arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the remaining claims under 29 U.S.C. § 1367.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that Defendant does business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6.   This Court has personal jurisdiction over Defendant because during all relevant times, Defendant has repeatedly, knowingly, and intentionally directed, and participated in, its activities in this Complaint in this judicial district.  While directing, and participating in, the activities alleged in this Complaint, Defendant made systematic and continuous contacts with this judicial district.

//

UpNest Complaint – 1

**FACTS**

7.    UpNest is an online marketplace that streamlines the process of finding a real estate agent.  Specifically, UpNest offers a service that connects persons interested in purchasing real estate with real estate agents.  The service allows real estate consumers to enter information regarding their needs and preferences, and then provides those consumers with proposals from multiple real estate agents.

8.    UpNest has developed a strong reputation for high-quality services.  It has received numerous accolades for its services, including many positive reviews from clients and a favorable mention in the New York Times.

9.    UpNest launched in or about January of 2013, under the name LessThan6percent, Inc.  At that time, UpNest's online marketplace was hosted on the LessThan6percent.com domain.  In or about 2014, UpNest changed its name to UpNest, Inc. UpNest established its business and reputation under the name LessThan6percent, and is still commonly referred to by that name in trade publications and by customers.  For example, promotional YouTube videos refer to Plaintiff's services under the "LessThan6percent" brand.  In order to retain continuity, UpNest still uses the name LessThan6percent in its branding.  UpNest is currently in the planning stages regarding optimal ways to incorporate the LessThan6percent brand into the current UpNest branding.

10.  UpNest owns Federal Trademark Registration Number 4467819 for the standard character mark LESSTHAN6PERCENT.  The date of first use in commerce is January 23, 2013.The mark is registered in International Class 035 for Advertising of commercial or residential real estate; Matching consumers with professionals in the field of residential real estate services via computer network; Providing marketing services for real estate professionals. A copy of the registration is attached hereto as Exhibit A, together with the assignment of interest.

11.  On information and belief, on or about May 2016, Defendant Less Percent began

UpNest Complaint – 2

operating a website on the www.lesspercent.com domain.  Defendant's website connects real estate consumers with real estate agents, and provides home sellers with proposals from real estate agents.  Defendant's website and business model appears designed to capitalize on the success and goodwill of UpNest's business and intellectual property.

12.  The phrase "Less Percent" is almost identical to Plaintiff's federally registered trademark.  Defendant's business model and website functionality is likewise confusingly similar to Plaintiff's business and ecommerce platform.

13.  Through these actions, Defendant is damaging the public by deceiving consumers into believing they are engaging UpNest's services when in fact they are engaging imitation services.  As a result of Defendant's wrongful actions, Plaintiff has suffered monetary and reputational damage.

**COUNT I – TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

14.  Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

15.  Plaintiff owns U.S. Trademark Registration Number 4467819 for the standard character mark LESSTHAN6PERCENT.

16.  Defendant uses a confusingly similar logo and phrase to market real estate services.

17.  Defendant's use of the "LessPercent" mark is without the permission of Plaintiff.

18.  Defendant's use of its "LessPercent" mark in interstate commerce constitutes a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Plaintiff in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use has caused confusion, mistake, or to deception, and will continue to do so.  Users of Defendant's products and services are likely to be confused as to whether Defendant's products and services are associated with or approved by Plaintiff.

19.  If Defendant's conduct is permitted to continue, Plaintiff faces the risk of irreparable

UpNest Complaint – 3

harm.  Plaintiff's remedy at law is not by itself adequate to remedy Defendant's actions, and irreparable harm suffered by Plaintiff will continue unless this Court enjoins Defendant.  Plaintiff is therefore is entitled to injunctive relief.

20.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover reasonable attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117.

## COUNT II – FALSE DESIGNATION OF ORIGIN

### (15 U.S.C. § 1125(a))

36.  Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

37.  As a result of Plaintiff's widespread use of its LessThan6percent Mark, its Mark has achieved substantial goodwill, recognition and reputation throughout the United States.

38.  Defendant's unauthorized use of the name "LessPercent" constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Plaintiff, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendant's use of the LessPercent mark.

39.  These acts by Defendant constitute a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.  As a result of Defendant's actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## COUNT III – UNFAIR COMPETITION

UpNest Complaint – 4

**(Cal. B&P Code§§ 17200 and 17500 et seq.)**

21.  Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

22.  The acts and practices of Defendant as alleged herein, including without limitation, Defendant's use of the "LessPercent" phrase to market and promote its products, constitutes false advertising, and unfair competition in violation of the laws of the state of California. As a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

23.  As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.

24.  Unless Defendant is restrained from pursuing its unlawful course of conduct, Plaintiff will continue to suffer irreparable harm.  Plaintiff is therefore entitled to injunctive relief.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff UpNest, Inc. prays for judgment against Defendant as follows:

A.      An award of Defendant's profits from its infringement and unfair competition with Plaintiff;

B.      An award of Plaintiff's damages caused by Defendant's infringement and unfair competition with Plaintiff;

C.      An injunction against Defendant and each of its agents, servants, employees, and attorneys, and those persons in active concert or participation with it:

(1)      Enjoining the use of the LessPercent word mark, or any colorable imitation thereof or confusingly similar term, in the real estate industry;

(2)      Requiring the immediate removal of the "LessPercent" word mark from all websites owned or controlled by the enjoined parties, including but not limited to, www.lesspercent.com, and all other text or media offering for sale any products or services making infringing use of the designations and content.

D.      An award of Plaintiff's attorneys' fees, expenses, and costs; and

UpNest Complaint – 5

E.      Awarding treble damages in the amount of Defendant's profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. 1117(b);

F.      Such further relief as the Court deems just and reasonable.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable in this action.


DATED:  November 14, 2016                    By: _____
                                                 Heather R. Norton
                                                 Law Office of Heather Norton
                                                 Attorney for Plaintiff UpNest, Inc.

UpNest Complaint – 6

# EXHIBIT A



# United States of America
## United States Patent and Trademark Office

# LESSTHAN6PERCENT

**Reg. No. 4,467,819**

**Registered Jan. 14, 2014**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

LESSTHAN6PERCENT, INC (DELAWARE CORPORATION)
220 CYPRESS AVE, #129
SOUTH SAN FRANCISCO, CA 94080

FOR: ADVERTISING OF COMMERCIAL OR RESIDENTIAL REAL ESTATE; MATCHING CONSUMERS WITH PROFESSIONALS IN THE FIELD OF RESIDENTIAL REAL ESTATE; MATCHING CONSUMERS WITH REAL ESTATE PROFESSIONALS IN THE FIELD OF REAL ESTATE SERVICES VIA COMPUTER NETWORK; PROVIDING MARKETING SERVICES FOR REAL ESTATE PROFESSIONALS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-23-2013; IN COMMERCE 1-23-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-859,392, FILED 2-25-2013.

MARY ROSSMAN, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> **First Filing Deadline:** You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.
>
> **Second Filing Deadline:** You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the
USPTO website for further information.   With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

APRIL 25, 2016

                                        PTAS

HEATHER NORTON                          **900361201**
236 WEST PORTAL
#143
SAN FRANCISCO, CA 94127


                    UNITED STATES PATENT AND TRADEMARK OFFICE
                    NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT RECORDATION BRANCH
OF THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE COPY IS AVAILABLE AT THE
ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION
CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE PATENT
AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR HAVE
QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE ASSIGNMENT RECORDATION
BRANCH AT 571-272-3350. PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT
AND TRADEMARK OFFICE, MAIL STOP: ASSIGNMENT RECORDATION BRANCH, P.O. BOX
1450, ALEXANDRIA, VA 22313.


RECORDATION DATE: 04/18/2016        REEL/FRAME: 5772/0774
                                    NUMBER OF PAGES: 17

BRIEF: CHANGE OF NAME

ASSIGNOR:
  LESSTHAN6PERCENT, INC.            DOC DATE: 10/16/2014
                                    CITIZENSHIP: NONE
                                    ENTITY: CORPORATION

ASSIGNEE:
  UPNEST, INC.                      CITIZENSHIP: DELAWARE
                                    ENTITY: CORPORATION
  856 MITTEN ROAD
  SUITE 106
  BURLINGAME, CALIFORNIA 94010

SERIAL NUMBER: 85859448             FILING DATE: 02/25/2013
REGISTRATION NUMBER: 4467820        REGISTRATION DATE: 01/14/2014
MARK: WHEN AGENTS COMPETE, YOU WIN
DRAWING TYPE: STANDARD CHARACTER MARK


ASSIGNMENT RECORDATION BRANCH
PUBLIC RECORDS DIVISION